UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gabriella Bass,<br><br>   Plaintiff,<br><br>   v.<br><br>Vox Media, LLC,<br><br>   Defendant. | Case No: |

**COMPLAINT**

Plaintiff Gabriella Bass ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Vox Media, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of a protest to the *Fearless Girl* statue in New York City (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.vulture.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Gabriella Bass is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

6. Upon information and belief, defendant Vox Media, LLC, is a Delaware limited

1

liability company with a principal place of business at 75 Varick Street, Manhattan in New York City, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District, directly targets consumers, and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On May 29, 2017, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16. On June 22, 2017, the Photograph was registered by the USCO under Registration No. VA 2-055-082.

17. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

19. Defendant is the registered owner of the Website and is responsible for its content.

20. Defendant is the operator of the Website and is responsible for its content.

21. The Website is a key component of Defendant's popular and lucrative commercial media and advertisement enterprise which also includes its YouTube Channel with 15.4 million subscribers, its Instagram page of 12 million followers, and its TikTok page of 5.1 million followers.

22. The Website is monetized in that it contains multiple paid advertisements including but not limited to ads for AT&T, Intuit, Peacock, Zelle, Fresh Step, and Capital One, among others, sponsored content, and third-party affiliate links for pet products offered at well-known national retailers including WalMart and Target, among other products. The Website also advertises Defendant's other services and products including its pet adoption matchmaking platform, Pick of the Litter.  Upon information and belief, Defendant profits from these activities.

23. The Website is monetized in that Defendant sells merchandise to the public including but not limited to its own licensed merchandise including stuffed animals, kid toys, Scholastic magazines, and books, and, upon information and belief, Defendant profits from these activities.

24. On or about May 30, 2017, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.vulture.com/2017/05/artist-protests-fearless-girl-with-urinating-dog-sculpture.html. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

25. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Photograph on the Website.

3

26. Plaintiff first observed and actually discovered the Infringement on March 9, 2023.

27. Upon information and belief, the Photograph was displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

29. The Infringement is an exact copy of Plaintiff's original image that was directly displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

31. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Devon Ivie whereby listed on Defendant's Website as "Staff Reporter" (the "*Employees*").

32. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

34. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the

Infringement on the part of Defendant.

36.　　Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

37.　　Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38.　　Upon information and belief, Defendant monitors the content on its Website.

39.　　Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40.　　Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

41.　　Upon information and belief, a large number of people have viewed the unlawful display of the Photograph on the Website.

42.　　Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43.　　Defendant's use of the Photograph harmed the actual market for the Photograph.

44.　　Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45.　　On September 29, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

46.　　Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

47.　　Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

51. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

52. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's display of the Photograph constitutes willful copyright infringement.

55. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

59. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

60. Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

61. For example, upon information and belief, Defendant had the practical ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photograph, and therefore had the right and ability to supervise and control the Infringement.

62. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant's members have continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

63. Defendant enjoyed a direct financial benefit from the Infringement of its members, Employees and agents from, *inter alia*, advertising revenue from the increased traffic to its Website and from increase in fees paid by sponsors.

64. Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby

increasing advertising revenue.

65. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it.

66. On information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

67. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

68. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

69. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b)

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: May 16, 2024  **SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127721

*Attorneys for Plaintiff*